UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SANTA CLARA PLAZA 478, LLC,<br><br>  Defendant. | Case No. 3:20-cv-06098-JD<br><br>**ORDER RE DEFAULT JUDGMENT** |

Plaintiff Scott Johnson is a quadriplegic and requires a wheelchair for mobility. Dkt. No. 1 ¶ 1. He has alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA), and the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53 (Unruh Act), against defendant Santa Clara Plaza 478, LLC (SCP), which owns and operates Santa Clara Plaza, a business establishment in San Jose, California. *Id.* ¶¶ 2-3, 9. Johnson asserts that Santa Clara Plaza "provides parking to its customers but fails to provide wheelchair accessible parking." *Id.* ¶ 11.

SCP has not appeared in the case, and at Johnson's request, the Clerk of Court has entered default as to SCP. Dkt. No. 13. Johnson has moved for default judgment. Dkt. No. 15. The motion is granted in part.

**DISCUSSION**

**I.   JURISDICTION & SERVICE**

"In default judgment proceedings, the Court has an affirmative duty to consider whether it has jurisdiction over the subject matter and parties to the case." *FormFactor, Inc. v. Mr. Prober Tech. Inc.*, No. 13-cv-03688-JD, 2015 WL 1870236, at *1 (N.D. Cal. Apr. 23, 2015) (citing *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999)). Johnson's claims for violations of the ADA present a federal question, and the Court has supplemental jurisdiction over the state-law claims. 28 U.S.C.

§§ 1331, 1367(a).  The Court has personal jurisdiction over SCP, which is a limited liability company incorporated in California.  Dkt. No. 15-7 at 12.  *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).  Johnson filed a proof of service indicating that the summons and complaint were personally delivered to SCP's agent for service of process.  Dkt. No. 11.

The Court also considers whether Johnson has Article III standing to pursue his claims.  "A plaintiff must demonstrate standing to sue by alleging the 'irreducible constitutional minimum' of (1) an 'injury in fact' (2) that is 'fairly traceable to the challenged conduct of the defendants' and (3) 'likely to be redressed by a favorable decision.'"  *Strojnik v. 574 Escuela, LLC*, No. 18-cv-06777-JD, 2020 WL 1557434, at *1 (N.D. Cal. Mar. 31, 2020) (quoting *Spokeo v. Robins*, 578 U.S. 330, 338 (2016)).  Johnson's complaint alleges that he went to Santa Clara Plaza on three occasions and that there was no wheelchair-accessible parking.  Dkt. No. 1 ¶¶ 8-15.  He claims that he "personally encountered" physical barriers -- "slopes in the parking spaces reserved for persons with disabilities that exceeded 2.1%" -- and that this "created difficulty and discomfort" for him.  *Id.* ¶¶ 12, 14, 16.  He also claims that he intends to return to Santa Clara Plaza, but is deterred from doing so because of the existing barriers.  *Id.* ¶ 20.  These allegations are adequate to confer standing.  *See Strojnik*, 2020 WL 1557434, at *2 ("An ADA plaintiff meets these standards if 'he intends to return to a noncompliant place of public accommodation where he will likely suffer repeated injury.'") (quoting *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 948 (9th Cir. 2011) (en banc)).

## II.  DEFAULT JUDGMENT

"Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court for entry of judgment by default against a defendant that has failed to defend against the action."  *See FormFactor*, 2015 WL 1870236, at *2.  "'The district court's decision whether to enter a default judgment is a discretionary one.'"  *Id.* (quoting *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)).  The decision is based on the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6)

> whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

The main inquiries under the *Eitel* factors are the merits of the claim and the sufficiency of the complaint, which are typically considered together, "because after the entry of default, well-pleaded allegations in the complaint are deemed true, except as to the amount of damages." *FormFactor*, 2015 WL 1870236, at *2 (citing *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002)).

To state a Title III discrimination claim, a "'plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability.'" *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)). Johnson has clearly made the first two showings. The complaint alleges that he is a "level C-5 quadriplegic," he requires a wheelchair for mobility, and he has a "specially equipped van." Dkt. No. 1 ¶ 1. It also asserts that Santa Clara Plaza is a business establishment open to the public. *Id.* ¶ 9.

The complaint also adequately alleges that Johnson was denied public accommodations because of his disability. "Discrimination under Title III of the ADA specifically includes 'a failure to *remove* architectural barriers . . . in existing facilities . . . where such removal is *readily achievable*.'" *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1034 (9th Cir. 2020) (quoting 42 U.S.C. § 12182(b)(2)(A)(iv); emphasis in original). Architectural barriers include "slopes and cross-slopes in a parking lot that are too steep (more than two percent incline)." *Id.* The complaint alleges that "there were slopes in the parking spaces reserved for persons with disabilities that exceeded 2.1%" and "the path of travel from the parking lot to the businesses at Santa Clara Plaza requires a person to navigate cross slopes that exceed 2.1%." Dkt. No. 1 ¶¶ 12, 17; *see also* Dkt. No. 15-5 ¶¶ 2-3 (Marquis declaration). The complaint also asserts that the barriers "are easily removed without much difficulty or expense" and that "[t]hey are the types of

3

barriers identified by the Department of Justice as presumably readily achievable to remove." Dkt. No. 1 ¶ 19.  These allegations are sufficient at the default-judgment stage to plead Johnson's ADA claim.  Because "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act," *M.J. Cable*, 481 F.3d at 731, Johnson has also sufficiently alleged an Unruh Act claim.

The other *Eitel* factors also favor entry of default judgment.  Johnson will be prejudiced if default judgment is not granted because he will remain subject to the physical barriers at Santa Clara Plaza.  The amount of money at stake here (Johnson seeks $12,000, or $4,000 for each of his visits to Santa Clara Plaza) is high given the alleged misconduct, but the Court is not required to award statutory damages for each of Johnson's visits, *see infra* Section III.  And because SCP has not appeared despite proper service, there is "no indication that [the] default is due to excusable neglect, that the material facts are subject to dispute, or that a decision on the merits will be possible.'"  *Broad. Music, Inc. v. JMN Rest. Mgmt. Corp.*, No. 14-cv-01190-JD, 2014 WL 5106421, at *2 (N.D. Cal. Oct. 10, 2014).

## III.     THE RELIEF

Johnson asks for statutory damages, attorneys' fees, and costs.  Dkt. No. 15-1 at 15-25.  He also seeks an order requiring SCP to provide wheelchair-accessible parking space and a wheelchair-accessible path of travel from the parking lot to the entrance at Santa Clara Plaza.  *Id.* at 15.

### A.     Statutory Damages

Under the Unruh Act, "[a] violation of the right of any individual under the [ADA] shall also constitute a violation of this section."  Cal. Civ. Code § 51(f).  This provision is "intended to allow persons injured by a violation of the ADA to seek the full range of remedies provided under the Unruh Act, including injunctive relief, actual damages (in some cases treble damages), and a minimum statutory award of $4,000 per violation."  *Skaff v. Rio Nido Roadhouse*, 55 Cal. App. 5th 522, 535 (2020).

Johnson seeks the minimum statutory award of $4,000 for each of the three times that he visited Santa Clara Plaza, for a total of $12,000.  Dkt. No. 15-1 at 16.  As in other cases involving Johnson, there is no explanation for why he continued to visit the facility notwithstanding the

4

barriers he initially encountered -- it would be reasonable to conclude that his second and third visits were part of an effort to simply increase his statutory damages. *See, e.g.*, *Johnson v. MKB Rescom LLC*, No. 20-cv-01460-BLF, 2022 WL 1062059, at *4 (N.D. Cal. Apr. 8, 2022). Under these circumstances, the Court "decline[s] to award statutory damages for multiple visits to the same facility on a motion for default judgment." *Id.* Johnson is granted a single statutory award of $4,000 against SCP.

### B.     Injunctive Relief

The ADA authorizes plaintiffs who have "suffered discrimination in the form of a refusal to remove architectural barriers" to pursue "injunctive relief including 'an order to alter facilities to make such facilities readily accessible . . . and usable.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043 (9th Cir. 2008) (quoting 42 U.S.C. § 12188(a)(2)). Injunctive relief is appropriate to ensure that Johnson and similarly situated persons can access Santa Clara Plaza. Accordingly, an injunction will issue, as described below.

### C.     Attorneys' Fees, Costs, and Interest

Under the ADA, the Court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. Johnson seeks $2,365 in attorneys' fees. Dkt. No. 15-1 at 16. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Johnson's attorneys provided time records, which present in a lodestar format the time spent on specific tasks by each lawyer and paralegal, and the amount billed for these tasks. Dkt. No. 15-3 at ECF p. 8. The Court's review of the attorney time entries shows that they were largely consistent with acceptable practices in terms of detail and specificity. The timesheets submitted by Johnson show that 8.7 hours were billed for the case, which falls within a reasonable range for this type of litigation. *See Johnson v. Huong-Que Rest.*, No. 21-cv-04133-BLF, 2022 WL 658973, at *5 (N.D. Cal. Mar. 4, 2022).

That said, the hourly rates sought by Johnson are unreasonable. He seeks $650 per hour for attorney Mark Potter, who has over 25 years of experience, and $400 per hour for attorneys

Faythe Gutierrez and Tehniat Zaman, who both graduated from law school in 2015. Dkt. No. 15-3 ¶¶ 2, 4-5. These rates exceed the norm: "for attorneys with approximately 20 or more years of experience, courts in this district have generally approved hourly rates ranging from $350 to $495 in disability cases." *Huong-Que Rest.*, 2022 WL 658973, at *5. This is not an exceptional case that would warrant higher rates. The Court finds as reasonable the rates set out in *Huong-Que Restaurant*, and thus awards $475 per hour for Potter and $250 per hour for Gutierrez and Zaman. The Court also finds as reasonable the rate of $100 per hour for Mark Handy and the other legal assistants who billed time to this case. The resulting attorney fee award is $1,597.50.

Johnson also requests $835 in costs. Dkt. No. 15-1 at 24. Included in this request is $400 for investigative costs. *Id.* However, neither Johnson nor the investigator have provided any documentation supporting that request. Absent documentation, the Court finds that $100 is a reasonable hourly rate for this investigative work, and that the work could be performed within an hour. Dkt. No. 15-6 (photos provided by investigator, with timestamps spanning 30 minutes). Consequently, the Court awards $100 as investigative costs, for a total of $535 in costs.

## CONCLUSION

Johnson's motion for default judgment is granted in part. He is awarded $4,000.00 in statutory damages and $2,132.50 in attorneys' fees and costs. For injunctive relief, defendant Santa Clara Plaza 478, LLC is ordered to provide parking and paths of travel at Santa Clara Plaza, 478 E. Santa Clara St., San Jose, California, that are free of excessive slopes, in accordance with the applicable ADA standards. Johnson will promptly serve SCP with this order and file a proof of service on the docket.

**IT IS SO ORDERED.**

Dated: September 30, 2022

JAMES DONATO
United States District Judge